IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD LEE GARNER, JR. | § | |
|    TDCJ-CID #562359 | § | |
| V. | § | C.A. NO. C-05-266 |
| | § | |
| MIGUEL MARTINEZ, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff has been granted leave to proceed *in forma pauperis*, (D.E. 8), though his action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 579 (5th Cir. 1998).

Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that, to the extent plaintiff

is challenging the loss of good time credits, his claim be dismissed without prejudice to plaintiff pursuing it in a habeas corpus proceeding, as well as any claims for damages related to the loss of good time credits. It is recommended that his claims concerning his line classification, equal protection, and injunctive relief be dismissed.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Garner is incarcerated at the McConnell Unit in Beeville, Texas. In his *pro se* complaint, plaintiff sues the following McConnell Unit officers and officials: Captain Michael Martinez; Assistant Warden Eileen Kennedy; Warden William Stevenson; Captain M. Maldonado; Officer Joella Puente; Kelli Ward; Officer M. Lee; and Administrative Technician D. Stump.

According to Garner, on December 22, 2004, he was wrongfully charged with participating in an offender assault and stabbing. Another inmate, Adolfo Orozco, confessed to possessing the knife used in the stabbing as well as to committing the stabbing. However, Captain Martinez still wrote Garner a disciplinary case for participating in the assault. At Garner's disciplinary hearing,

Captain Maldonado relied on the statements of three confidential witnesses and found plaintiff guilty as charged.

Garner appealed his disciplinary conviction by filing step 1 and step 2 grievances, but his conviction was affirmed.

Garner complains that he was denied due process and equal protection at the prison disciplinary hearing. He seeks damages from each defendant, court costs, and the restoration of his previous line classification. He also claims that he has wrongfully been placed in administrative segregation to "cover-up" the misconduct of defendants, and seeks injunctive relief.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. See id.

**A.     Plaintiff's Due Process Claim.**

Plaintiff challenges his disciplinary conviction on the following due process grounds: (1) the charges were false and unjustified; (2) he was denied the opportunity to cross-examine the confidential informants; (3) there was insufficient evidence to support the finding of guilty; and (4) the grievance investigators refused to overturn his conviction.

A misconduct conviction that results in the loss of good time credits is equivalent to a loss of a "shortened prison sentence."  See Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974).  "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 487 (1973).  Furthermore, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid [rather than seeking immediate or speedier release], a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Heck also applies to disciplinary convictions.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir.

1998) ("A 'conviction,' for purposes of Heck, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good time credits.").

In Edwards, a prisoner requested damages for deprivation of good-time credit without due process, not for the deprivation of good time credits "undeservedly as a substantive matter," as was the case in Heck. 520 U.S. at 645. The Court held that Heck applied to a claim for declaratory relief and monetary damages "based on allegations of deceit and bias on the part of the decisionmaker" because such claims "necessarily imply the invalidity of the punishment imposed;" therefore, such claims cannot be brought under § 1983 until the conviction has been overturned. Id. at 648.

Here, plaintiff does not appear to be challenging the loss of good time credits, but instead, seeks only damages for the allegedly wrongful conviction and injunctive relief restoring his previous line classification. Were he challenging the loss of good time credits, that claim would properly be the subject of habeas corpus. See Preiser, 411 U.S. at 487. To the extent plaintiff is seeking damages and injunctive relief based on the allegedly unlawful disciplinary conviction, however, he is not entitled to this relief until he can demonstrate that his disciplinary conviction has been overturned. Edwards, 520 U.S. at 648.

Regarding plaintiff's request that his line class be restored, a change in classification does not implicate a liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (finding no liberty interest in prison classification). Therefore, because custodial classification is not a claim of constitutional dimension, it cannot be brought in a § 1983 action.

**B.     Plaintiff's Equal Protection Claim.**

Plaintiff asserts that he was denied equal protection at the disciplinary hearing.

The Supreme Court has established that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (quoting Johnson v. Morel, 876 F.2d 477, 479 (5th Cir. 1989)).

A prisoner must show that the prison official acted with a discriminatory

purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995); see also United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992) ("Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group."). Vague and conclusory allegations are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (per curiam).

Plaintiff claims that he was denied equal protection because he was denied the opportunity to examine the confidential informants. This is a due process claim, not equal protection. Plaintiff fails to allege any facts from which an equal protection claim could be inferred. As such, he has failed to state an equal protection claim against any defendant.

**C.     Plaintiff's Claim For Injunctive Relief**.

Plaintiff alleges that he has been placed in administrative segregation to cover-up the misconduct of Captain Martinez and Captain Maldonado. He states that he is seeking injunctive relief because his "life is within an immediate state of danger."

To obtain a preliminary injunction under Rule 65(a) of the Federal Rules of

Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might case the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's allegations fail to warrant this extraordinary remedy. As to plaintiff's complaint that he has been placed wrongfully in administrative segregation, such a claim does not state a constitutional issue as plaintiff has no protected liberty interest in his classification or housing. Sandin, 515 U.S. at 484. It would be against the public interest to issue an injunction based solely on plaintiff's placement in administrative segregation. The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." Shaw v. Murphy, 532 U.S. 223, 230, (2001); accord Washington v. Harper, 494 U.S. 210, 223-24 (1990); Turner v. Safley, 482 U.S. 78, 84-85 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Bell v. Wolfish, 441 U.S. 520, 547-48 (1979); Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 125

(1977). Plaintiff's allegations do not warrant interference into the State's administration of its prisons.

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that, to the extent plaintiff is seeking to overturn a prison disciplinary conviction that resulted in the loss of good time credits, that claim be dismissed without prejudice, as well as any claims for damages associated with the loss of good time credits. Plaintiff's claim challenging his reduction in his line classification and for equal protection fail to raise a constitutional issue, and it is recommended that those claims be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915(e)(2), 1915A(b). Finally, it is recommended that plaintiff's claims for injunctive relief be denied.

Respectfully submitted this 12th day of July 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).