IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD LEE GARNER, JR. § | | |
| TDCJ-CID #562359 § | | |
| V. § | | C.A. NO. C-05-266 |
| § | | |
| MIGUEL MARTINEZ, ET AL. § | | |

## MEMORANDUM AND RECOMMENDATION

In this § 1983 civil rights action, plaintiff Richard Lee Garner, Jr., a Texas state prisoner proceeding *pro se*, claims that his due process rights were violated at a prison disciplinary hearing because there was insufficient evidence to find him guilty of participating in an assault. He has named as defendants eight McConnell Unit officers, arguing that they unconstitutionally classified his offense as a major disciplinary case, erroneously relied on the statements of confidential informants in finding him guilty, and failed to overturn his conviction on review. As punishment, plaintiff lost 365 days earned good time credits, received a reduction in his line class, and lost certain other privileges.

For the reasons stated herein, it is respectfully recommended that this action be dismissed as premature.

### I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. **FACTUAL ALLEGATIONS**

Plaintiff is incarcerated at the McConnell Unit in Beeville, Texas. In his original complaint, plaintiff named as defendants the following McConnell Unit officers and officials: Captain Michael Martinez; Assistant Warden Eileen Kennedy; Warden William Stevenson; Captain M. Maldonado; Officer Joella Puente; Kelli Ward; Officer M. Lee; and Administrative Technician D. Stump.

A Spears[1] hearing was held on September 9, 2005 to afford plaintiff an opportunity to better explain his claims. The following allegations were made by plaintiff at the hearing or in his original complaint:

On December 22, 2004, plaintiff was charged with participating in an offender assault and stabbing. Another inmate, Adolfo Orozco, confessed to possessing the knife used in the stabbing and to committing the stabbing itself. However, Captain Martinez still wrote Garner a disciplinary case for participating in the assault, and testified against him at the disciplinary hearing.

Captain Maldonado presided as the disciplinary hearing officer. Plaintiff claims that Captain Maldonado did not let the victim give testimony, and relied on statements provided by three confidential informants, in violation of TDCJ-CID policies and procedures. Plaintiff's counsel substitute objected to the confidential

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

informant's statements, but Captain Maldonado overruled the objection. Plaintiff claims that Warden Stevenson was responsible for "making the case," in that he determined what charge would be made against plaintiff, and that it was his decision to charge plaintiff with participating in an assault, which is classified as a major disciplinary infraction.

Plaintiff filed a grievance challenging the disciplinary conviction, and Warden Kennedy denied the grievance. Plaintiff claims that Warden Kennedy knew the charges against him were false, and participated in a conspiracy to deny him his due process rights. Plaintiff claims that Officer Puente investigated the disciplinary case and had the power to overturn the charges, but she instead conspired to deny him his due process rights. Plaintiff claims that Kelli Ward, a substitute grievance coordinator, has "the last and final word" within the TDCJ-CID, but that she failed to investigate his claims.

Plaintiff complained to the Offender Investigative Division ("OID") in Huntsville. Defendant M. Lee, an OID administrator, sent plaintiff a letter stating that his complaint had been received, but plaintiff never heard from him again. Plaintiff also complained to the OID in Austin. Defendant L. Stump sent plaintiff a letter certifying that his complaint had been filed, but never contacted plaintiff again.

Plaintiff testified that he has not challenged the disciplinary proceeding in a habeas petition. He further indicated he did not intend to file a habeas action challenging the disciplinary proceeding.

Plaintiff seeks damages from each defendant, court costs, and the restoration of his previous line classification. He also claims that he has wrongfully been placed in administrative segregation to "cover-up" the misconduct of defendants, and seeks injunctive relief.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. See id.

**A.    Section 1983 claims and <u>Heck v. Humphrey</u>.**

Plaintiff challenges his disciplinary conviction on the grounds that his due process rights were violated, and he seeks damages from each defendant for those alleged violations. However, for plaintiff to prevail on his claims, he would necessarily have to prove that his disciplinary conviction was invalidated. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

In <u>Heck</u>, a state prisoner brought a § 1983 action for damages, challenging the conduct of state officials who, the prisoner claimed, had unconstitutionally caused his conviction by improperly investigating his crime and destroying evidence. <u>Heck</u>, 512 U.S. at 479. The Supreme Court noted that civil tort actions were not the appropriate vehicles for challenging the validity of a conviction. <u>Id.</u> at 486. Additionally, it held that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," a § 1983 action will not lie "unless ... the conviction or sentence has already been invalidated." <u>Id.</u> at 481-82. The Supreme Court added that, where the § 1983 action, "even if successful, will not demonstrate the invalidity of any outstanding [conviction]..., the action should be allowed to proceed." <u>Id.</u>

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997), the Supreme Court applied the same principles enunciated in <u>Heck</u> to prison disciplinary proceedings. In that

case, Balisok sought a declaration that the procedures employed by prison officials to deprive him of good time credits were unconstitutional, and he sought money damages and an injunction to prevent future violations. Balisok, 520 U.S. at 643. Applying Heck, the Supreme Court found that habeas corpus was the sole vehicle for the inmates's constitutional challenge insofar as the prisoner sought declaratory relief and money damages because the "principal procedural defect complained of," namely deceit and bias on the part of the disciplinary hearing officer, "would, if established, necessarily imply the invalidity of the deprivation of [Balisok's] good time credits." Id. 520 U.S. at 646. Thus, if success on the prisoner's claim for money damages and injunctive relief would "necessarily imply the invalidity of the punishment imposed," such a claim does not accrue until the conviction has been reversed or expunged. Id. at 486. Unless the plaintiff can prove that the challenged conviction has been set aside, his § 1983 claim for damages is not cognizable and must be dismissed. Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998).

 In this case, any favorable decision by this Court on plaintiff's § 1983 claims alleging due process violations would necessarily imply the invalidity of the punishment imposed. As such, plaintiff's § 1983 claims for damages are not cognizable until he can establish that the disciplinary conviction itself has been overturned. Heck, 520 U.S. at 648.

A challenge to a disciplinary conviction that resulted in the loss of good time credits is a challenge to the duration of the prisoner's sentence, and must be pursued in a habeas corpus proceeding. Preiser v. Rodriguez, 411 U.S. 475, 487 (1973) (writ of habeas corpus is the sole remedy when a state prisoner challenges fact or duration of sentence). At the Spears hearing, plaintiff testified that he has not challenged his disciplinary conviction in a habeas corpus proceeding. Until plaintiff successfully challenges the disciplinary action, he fails to state a § 1983 claim upon which relief can be granted. Thus, plaintiff's claim for monetary damages for alleged constitutional violations should be dismissed with prejudice until he can demonstrate that his disciplinary conviction has been overturned. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (district courts are directed to dismiss such claims "with prejudice to there being asserted again until the Heck conditions are met.").

**B.     Injunctive Relief**

Plaintiff is also seeking injunctive relief, ostensibly to be transferred out of the McConnell Unit, alleging that his life is in immediate danger. Plaintiff claims that he was placed in administrative segregation to cover-up the misconduct of Captain Martinez and Captain Maldonado. He claims that he has received threats on his life because he is African American and the McConnell Unit is a "Hispanic prison."

To obtain a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's allegations fail to warrant this extraordinary remedy. As to plaintiff's complaint that he has been placed wrongfully in administrative segregation, such a claim does not state a constitutional issue as plaintiff has no protected liberty interest in his classification or housing. Sandin v. Conner, 515 U.S. 472, 484 (1995). It would be against the public interest to issue an injunction based solely on plaintiff's placement in administrative segregation. The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." Shaw v. Murphy, 532 U.S. 223, 230, (2001); accord Washingtgon v. Harper, 494 U.S. 210, 223-24 (1990); Turner v.

Safley, 482 U.S. 78, 84-85 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Bell v. Wolfish, 441 U.S. 520, 547-48 (1979); Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 125 (1977).  Plaintiff's allegations do not warrant interference into the State's administration of its prisons.

Moreover, plaintiff offers no evidence to suggest that his life is in any danger, yet alone immediate danger.  He testified to alleged "threats" by inmates against him because he is African-American.  However, he offers nothing more than bald, unsupported, conclusory allegations; these allegations are insufficient to raise a substantive federal constitutional issue.  See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).  In addition, even if plaintiff could establish that his life was in danger, his placement in administrative segregation, where he is confined to a cell 23 hours a day, is perhaps the safest housing assignment at the unit.  Plaintiff's allegations fail to warrant injunctive relief.

## IV.  **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that plaintiff's claims for damages for alleged constitutional violations arising from his disciplinary conviction be dismissed with prejudice until plaintiff can demonstrate that the disciplinary conviction has been overturned.  It is respectfully recommended that plaintiff's claims for injunctive relief be denied.

Respectfully submitted this 12th day of September 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).